UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE A. NAILOR,<br><br>    Petitioner,<br><br>v.<br><br>FISHER, Warden,<br><br>    Respondent. | Case No. 20-00724 BLF (PR)<br><br>**ORDER REFERRING MATTER TO FEDERAL PRO SE PROGRAM FOR LIMITED APPOINTMENT OF COUNSEL FOR COMPETENCY HEARING; STAYING BRIEFING; DENYING MOTION FOR EXTENSION OF TIME AS MOOT**<br><br>(Docket No. 18) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in Alameda County Superior Court. Dkt. No. 1. On August 10, 2020, Respondent filed an answer. Dkt. No. 9. On October 22, 2020, the Court granted Petitioner's request for an extension of time to file a traverse as well as a copy of Respondent's answer which he never received. Dkt. No. 16. Respondent was directed to re-serve their answer on Petitioner and file notice of compliance. *Id.* Respondent filed notice on October 26, 2020. Dkt. No. 17.

Petitioner has filed a motion for another extension of time to file a traverse. Dkt. No. 18. Petitioner states that due to his mental illness, he is relying on another inmate to prepare his traverse. *Id.* at 1, 3. Petitioner has also filed a motion requesting the

appointment of counsel based on his mental illness of schizophrenia and manic depression for which he is taking psychotropic medications and is receiving care from the prison mental health clinic. Dkt. No. 19 at 7. In support, he provides a declaration and the declaration of the inmate assisting him in this matter, who attests that Petitioner is mentally ill and does not understand how to prepare a traverse. *Id.* at 10. The inmate also states that Petitioner is taking psychotropic medications that cause him to sleep most of the time and remain drowsy even when awake. *Id.* He states that Petitioner's mental illness and medications affect Petitioner's ability to comprehend how to protect his constitutional rights before the Court. *Id.*

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *See Id*. at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, Rule 17(c) of the Federal Rules of Civil Procedure, which in part requires that the court appoint a guardian *ad litem* or otherwise protect the interests of an incompetent litigant, applies to habeas cases. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). If there is a substantial question regarding competence, the habeas court may not enter a judgment without first complying with Rule 17(c); it is an abuse of discretion for the court not to appoint counsel and hold a hearing to determine whether the petitioner is competent, or otherwise resolve the question of competence. *Id.*

The Court finds that there is a substantial question regarding Petitioner's competence based on his declaration, the declaration of another inmate, and the facts of Petitioner's underlying conviction. Respondent's answer shows that Petitioner's defense involved his long history of mental illness and the expert testimony of a clinical psychologist which supports Petitioner's assertion of ongoing mental illness. Dkt. No. 9-1 at 11. Accordingly, the Court has a duty of inquiry under Rule 17(c). *See Allen*, 408 F.3d

at 1153.  Because a hearing to determine Petitioner's competency is required, the Court will refer the matter for appointment of counsel for the limited purpose of representing Petitioner in connection with proceedings to determine whether to appoint a conservator/guardian *ad litem* to represent him pursuant to Federal Rule of Civil Procedure 17.  *See Knaubert*, 791 F.2d at 728.  Once the Court resolves whether a conservator/guardian *ad litem* should be appointed, the Court will then decide whether to again refer the action to the Federal Pro Se Program to find counsel for the remainder of the action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This matter is referred to Kevin Knestrick of the Federal Pro Se Program to find counsel for the limited purpose discussed above.  Upon an attorney being located to represent Petitioner, that attorney shall be appointed as counsel for Petitioner in this action **for the limited purpose of representing Petitioner in connection with competency proceedings to determine whether to appoint a conservator/guardian *ad* litem to represent him pursuant to Federal Rule of Civil Procedure 17, unless the attorney volunteers otherwise.**

2. The Clerk shall forward to the Federal Pro Se Program: (1) a copy of this order, (2) a copy of the docket sheet, and (3) a copy of the operative complaint and relevant court orders.

3. All proceedings in this action are stayed until further notice.  As such, Plaintiff's motion for an extension of time to file a traverse is **DENIED** as moot.  The Court will set a new schedule once the state of Petitioner's competency has been determined.

This order terminates Docket No. 18.

///

1     **IT IS SO ORDERED**.

2     Dated: December 30, 2020

                                                BETH LABSON FREEMAN
3                                                     United States District Judge

25    Order Referring to FPSP; Staying Briefing
      P:\PRO-SE\BLF\HC.20\00724Nailor_refer.fpsp.docx