UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE A. NAILOR,<br><br>    Petitioner,<br><br>v.<br><br>FISHER, Warden,<br><br>    Respondent. | Case No. 20-00724 BLF (PR)<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL; REFERRING MATTER TO FEDERAL PRO SE PROGRAM FOR APPOINTMENT OF COUNSEL PURSUANT TO RULE 17(c); STAYING BRIEFING**<br><br>[Re: ECF Nos. 39, 40] |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in Alameda County Superior Court. ECF No. 1. On August 10, 2020, Respondent filed an answer. ECF No. 9. On October 22, 2020, the Court granted Petitioner's request for an extension of time to file a traverse as well as a copy of Respondent's answer which he never received. ECF No. 16. Respondent was directed to re-serve their answer on Petitioner and file notice of compliance. *Id.* Respondent filed notice on October 26, 2020. ECF No. 17.

On November 5, 2020, after filing another request for an extension of time to file a traverse, ECF No. 18, Petitioner filed a motion requesting the appointment of counsel based on his mental illness of schizophrenia and manic depression for which he is taking psychotropic

1  medications and is receiving care from the prison mental health clinic.  ECF No. 19 at 7.  The
2  Court found that there was a "substantial question regarding Petitioner's competence" and, after
3  staying the case and referring it to the Federal Pro Se Program, appointed T. Kennedy Helm for
4  the limited purpose of representing Petitioner in connection with proceedings to determine
5  whether to appoint a conservator or guardian *ad litem* to represent him pursuant to Federal Rule of
6  Civil Procedure 17.  ECF No. 20 at 3; ECF No. 24.

7  On August 26, 2021, Petitioner filed a motion for appointment of counsel, guardian *ad*
8  *litem*, or conservator under Rule 17(c) of the Federal Rules of Civil Procedure.  ECF No. 40.
9  Petitioner argues that due to his mental illness and side effects from treatment, he is unable to
10  prepare his case or to understand the consequences of his actions related to the case, and is
11  therefore incompetent to proceed with habeas proceedings *pro se*.  *Id.* at 4-6.  In support,
12  Petitioner files a report assessing his mental health and competence by Jennifer Kirkland, Ph.D., a
13  licensed psychologist.  ECF No. 40-2, Helm Decl., Ex. 1.  Further, Petitioner files excerpts from
14  his California Department of Corrections and Rehabilitation psychiatric records.  ECF No. 40-2,
15  Helm Decl., Ex. 3.  Petitioner's motion is unopposed.  ECF No. 41 at 1.

16  On August 26, 2021, Petitioner also filed an administrative motion to seal Petitioner's
17  sensitive medical information in the motion and two exhibits.  ECF No. 39.   Good cause
18  appearing, the administrative motion is GRANTED.

19  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *See*
20  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986).  Unless an
21  evidentiary hearing is required, the decision to appoint counsel is within the discretion of the
22  district court.  *See id*. at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*,
23  469 U.S. 838 (1984).  However, Rule 17(c) of the Federal Rules of Civil Procedure, which in part
24  requires that the court appoint a guardian *ad litem* or otherwise protect the interests of an
25  incompetent litigant, applies to habeas cases.  *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir.
26  2005).  Where a district court finds a litigant incompetent, it has "broad discretion to fashion an
27  appropriate safeguard that will protect an incompetent person's interests," including finding that
28

the incompetent person's interest would be adequately protected by the appointment of a lawyer. *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).

"In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Pratt v. Kernan*, 17-CV-04375 LHK (PR), 2018 WL 11301133, at *2 (N.D. Cal. Oct. 3, 2018) (citations omitted). "Under California law, evidence of incompetence may be drawn from various sources, but the evidence relied upon must 'speak … to the court's concern … whether the person in question is able to meaningfully take part in the proceedings.'" *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. Nov. 10, 2015) (quoting *In re Christina B.*, 19 Cal. App. 4th 1441, 1451 (1993)).

The Court finds Petitioner to be incompetent to proceed with his habeas petition *pro se*, based on the declaration of Dr. Kirkland and Petitioner's CDCR psychiatric records. The Court will refer the matter to the Federal Pro Se Program for appointment of counsel to represent Petitioner in the habeas proceedings pursuant to Federal Rule of Civil Procedure 17.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This matter is REFERRED to Kevin Knestrick of the Federal Pro Se Program to find counsel pursuant to Rule 17(c) as discussed above. Upon an attorney being located to represent Petitioner, that attorney shall be appointed as counsel for Petitioner for the remainder of this action.

2. The Clerk shall forward to the Federal Pro Se Program: (1) a copy of this order, (2) a copy of the docket sheet, and (3) a copy of the operative petition and relevant court orders.

3. All proceedings in this action are STAYED until further notice. The Court will set a new schedule once counsel has been appointed.

**IT IS SO ORDERED**.

Dated: September 20, 2021

_____
BETH LABSON FREEMAN
United States District Judge

4